IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PATRICK CROSS                                                                                                PLAINTIFF

v.                            Civil No.     1:23-cv-01078-SOH-BAB

LEROY MARTIN; JERRY MANESS;
GEAN SIEGER; PARNEL VANN;
and JANE DOE                                                                DEFENDANTS

## **REPORT AND RECOMMENDATION**

Plaintiff, Patrick Cross, currently an inmate of the Columbia County Detention Center ("CCDC"), filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to Section 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

                                           I.         **BACKGROUND**

Plaintiff filed his original Complaint, *pro se*, on July 28, 2023 in the Eastern District of Arkansas. (ECF No. 2). The Eastern District transferred the case to this District on July 31, 2023. (ECF No. 3). After transfer, the Court directed Plaintiff to file an Amended Complaint and completed *in forma pauperis* ("IFP") application. (ECF Nos. 6-7). Plaintiff complied, (ECF

Nos. 9, 10, 13), and the Court granted his IFP Application. (ECF No. 11).

In his Amended Complaint, Plaintiff alleges three claims against five Defendants. (ECF No. 13). In Claim One, Plaintiff claims Defendants Martin, Maness, and Vann violated his Fourteenth and Eighth Amendment rights through conditions of confinement, cruel and unusual punishment, and deprivation of due process. (ECF No. 13, p. 4). Plaintiff's Claim One revolves around a fire in the CCDC on June 19, 2023 during which Plaintiff alleges he was locked down and left inside the CCDC.

In Claim Two, Plaintiff claims his Eighth and Fourteenth Amendment rights were violated through cruel and unusual punishment, equal protection violations, and his conditions of confinement. Claim Two is asserted against Defendants Sieger and the Jane Doe arresting officer. *Id.* at 6. Plaintiff claims here (1) there were magots in his food; (2) he was forced to drink toilet water; (3) he was only allowed to shower every 5-6 days; (4) he was denied phone access; (5) his cellphone and money were stolen by the arresting officer; and (6) he was denied the grievance process. *Id.* Of these six allegations, only the cellphone and cash theft allegations are asserted against the Jane Doe arresting officer.

In Claim Three, Plaintiff simply expounds on his previous allegations for Claims One and Two. *Id.* at 8.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be

false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001). The facts set forth in Plaintiff's Complaint, regarding his cellphone and cash stolen at arrest, do not support any plausible cause of action for relief under 42 U.S.C. § 1983.

Plaintiff's allegations in Claim Two and Three, relating to the arresting officer stealing his property, fail to state a cognizable claim under Section 1983. Plaintiff has adequate post-deprivation remedies in the Arkansas state court to regain his property. *See Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where a distinct act of dominion is exerted over property in denial of owner's right). Therefore, Plaintiff's allegations do not rise to the level of a constitutional violation. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation

remedy is available under state law); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state a claim under § 1983 if state had adequate post-deprivation remedy).

Additionally, since Plaintiff has failed to state a cognizable claim against the arresting officer, his official claim against her must also fail. Without a constitutional violation by the individual employee, there can be no official capacity claim against the employer. *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020); *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

The Court finds Plaintiff has alleged sufficient facts on the remaining claims to state a claim to relief that is plausible on its face. *See Bell*, 550 U.S. at 570. Accordingly, the Court will order service on the remaining Defendants by separate order.

## IV.  CONCLUSION

For these reasons, it is recommended that:

(1) the portion of Plaintiff's Claims Two and Three related to theft of his property at his arrest against the Jane Doe arresting officer be dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1);

(2) the remaining allegations in Claims One, Two, and Three against Leroy Martin, Jerry Maness, Gean Sieger, and Parnell Vann should proceed for service.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of September 2023.

                                                      /s/ *Barry A. Bryant*
                                                      HON. BARRY A. BRYANT
                                                      UNITED STATES MAGISTRATE JUDGE